UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MICHAEL CRAWFORD; § | |
| TIM OGLESBY; § | |
| DAVID McKENZIE; and § | |
| CLIFFORD JAHN § | |
|     Plaintiffs, § | |
| § | CIVIL ACTION NO. 5:20-CV-82 |
| vs. § | |
| § | |
| CHEYENNE PETROLEUM § | |
| COMPANY; TEXAS WORLD § | |
| OPERATIONS, INC.; AND § | |
| ROBERT F. WHITESIDE § | |
|     Defendants. § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Michael Crawford, Tim Oglesby, David McKenzie and Clifford Jahn (collectively, "Plaintiffs"), file this Original Complaint against Defendants Cheyenne Petroleum Company Texas World Operations, Inc. and Robert F. Whiteside (collectively, "Defendants"), as follows:

**I. PRELIMINARY STATEMENT**

1.    Defendants were the employers or joint employers of Plaintiffs. Plaintiffs were paid a day rate for each day worked, regardless of the number of hours worked in each day. Plaintiffs were misclassified as independent contractors, despite the fact that they worked full time for Defendants, and virtually every aspect of their jobs was controlled by Defendants. Defendants misclassified Plaintiffs as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During their time with Defendants, Plaintiffs typically worked 90-100 hours per week. Yet Plaintiffs did not receive any

additional compensation for the hours worked above forty in a week, and thus Defendants denied their workers overtime pay in violation of federal law.

2. Plaintiffs bring this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

4. Plaintiffs are individuals residing in Texas.

5. Defendant Cheyenne Petroleum Company is a New York limited partnership with its principal place of business in Oklahoma. Cheyenne Petroleum Company may be served through its registered agent for service of process, CT Corporation, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

6. Defendant Texas World Operations, Inc. is a Texas corporation with its principal place of business in Texas. Texas World Operations, Inc. may be served through its registered agent for service of process, Robert F. Whiteside, at 10214 Briar Rose Dr., Houston, TX 77042.

7. Defendant Robert F. Whiteside is an individual residing in Texas. Robert F. Whiteside may be served at 10214 Briar Rose Dr., Houston, TX 77042.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has personal jurisdiction over Defendants Texas World Operations, Inc. and Robert F. Whiteside because they are Texas residents. This Court has personal jurisdiction over Defendant Cheyenne Petroleum Company because it conducts a substantial amount of business in Texas - according to its website, Cheyenne has "developed and currently operates over 90 producing wells" in the Eagle Ford shale formation in South Texas. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, Plaintiffs performed most if not all of their work in LaSalle and McMullen counties, which are located in the Southern District of Texas, Laredo Division.

## IV. COVERAGE

11. At all relevant times, Defendants acted as the employers or joint employers of Plaintiffs. Defendants were responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

12. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiffs were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15. Cheyenne Petroleum Company is a privately held oil and gas exploration company. It contracted with Texas World Operations, Inc., which is owned and operated by Robert F. Whiteside, to supply it with drilling supervisors.

16. Plaintiff Michael Crawford worked as a drilling supervisor for Defendants from approximately May 2018 until April 2020. Tim Oglesby worked as a drilling supervisor for Defendants from approximately May of 2012 until January of 2020. David McKenzie worked as a drilling supervisor for Defendants from approximately May 2018 until April 2020. Clifford Jahn worked as a drilling supervisor for Defendants from approximately 2013 until April 14, 2020.

17. Plaintiffs typically averaged at least 90-100 hours per week. Plaintiffs were misclassified as independent contractors and paid a day rate regardless of the number of hours worked in a given week, even those above forty.

18. Plaintiffs typically worked fourteen days on, fourteen days off with no overtime pay. They were not assigned work on a project-by-project basis - they worked a strict schedule that was set by Defendants. Because Plaintiffs were paid a set, flat daily rate, and because their schedules were set by Defendants, they were not given any opportunity to share in the profit and/or loss of their services. They were required to furnish daily reports to employees of Cheyenne as well as Mr. Whiteside.  They would have daily telephone conferences with Mr. Whiteside, in which Mr. Whiteside would direct their daily activities.  They were not allowed the freedom to take or reject assignments - instead they had to perform work on a strict schedule as ordered to do by Defendants - Defendants told Plaintiffs what job locations to report to, what tasks to do and when to do them. Because Plaintiffs worked full time for Defendants, they were not allowed an opportunity to expand their business or to take on other jobs for other exploration companies. Plaintiffs did not use any of their own equipment or tools to perform their work for Defendants - all such items were furnished by Defendants. None of the factors used by the Fifth Circuit when assessing independent contractor/employee status weigh in favor of finding Plaintiffs to be an independent contractor.

19. No exemption excuses Defendants from paying Plaintiffs overtime rates under the FLSA.

20. Defendants failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct.

21. For purposes of this action, the "relevant period" under the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA, Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

23. The foregoing allegations are incorporated herein by reference.

24. Plaintiffs were non-exempt employees of Defendants.

25. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

26. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

27. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. DESIGNATION OF EXPERT WITNESS

28. Plaintiffs designate the following individual as an expert witness in this case:

Josh Borsellino
Borsellino, P.C.
1020 Macon St., Suite 15

       Fort Worth, Texas 76102
       T: 817.908.9861
       F: 817.394.2412

29. As permitted under the FLSA, Plaintiffs seek attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiffs in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that on a final hearing, Plaintiffs be awarded all relief requested herein, including:

    a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
    b. Liquidated damages in an amount equal to the unpaid overtime compensation;
    c. Attorney's fees, costs and expenses; and
    d. Pre- and post-judgment interest at the highest rates allowed by law.

                Respectfully submitted,

                /s/ Josh Borsellino
                Josh Borsellino
                State Bar No. 24045532
                Borsellino, P.C.
                Office Address:
                1020 Macon St., Suite 15
                Fort Worth, Texas 76102
                Mailing Address:
                3267 Bee Cave Rd., Ste. 107, Box # 201
                Austin, TX 78746
                Telephone: (817) 908-9861
                Facsimile: (817) 394-2412
                Email: josh@dfwcounsel.com